# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Scot Decker, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER RE DEFENDANTS'** ) **MOTIONS IN LIMINE** ) |
| I.E. Miller Services, Inc., n/k/a Hemphill Trucking, Inc.; TFI Holdings, USA, Inc.; TransForce, Inc.; TForce Energy Services, Inc. d/b/a Specialized Crane & Rigging Complete Production Services, Inc.; and Superior Energy Services, Inc., | ) ) ) ) Case No. 4:14-cv-00088 ) ) ) ) ) ) |
| Defendants. | ) |

Before the court are several motions in limine brought by defendants at Doc. No. 87. The following are the court's rulings:

1. *Motion to exclude testimony from plaintiff's experts John Hughett and Donald Pellow that requires speculation, ipse dixit, or legal conclusions.*

This motion is **DENIED** to the extent that some of what the two experts may opine on appears to be relevant and likely admissible as expert testimony. That being said, the court will not allow any expert (whether it be plaintiff's or defendants') to speculate or give what amounts to simply legal conclusions. Further, the court will not permit the experts to opine on what happened when expert testimony on the subject is not required. For example, it is doubtful the court will allow an expert to offer an opinion on who instructed Decker to enter the substructure of Rig 20 based on that expert having read accounts of other fact witnesses. The jurors are fully capable of deciding this disputed fact based on the evidence. On the other hand, there may be instances in which expert

1

testimony may be helpful to the jury in sorting out what likely happened. For example, if an expert offers an opinion that the kelly hose likely had to have been under pressure for it to have struck plaintiff in the manner he described and that is based on engineering principles and or familiarity with kelly hoses, this may be of assistance to the jury and admissible, keeping in mind the jury has the right to believe or not believe plaintiff's account of the accident and that other experts may disagree.

At this point, the court will not parse every question that was posed at the depositions of the experts or all of the opinions contained in their reports since not all may be asked or offered at trial. Also, the subject matter may be presented in a manner that makes some of the complained about testimony not objectionable. In short, the court will address the objections to the expert testimony as it is presented.

> 2. *Motion to prohibit plaintiff from presenting evidence that I.E. Miller and TForce are no longer in business or no longer operating.*

This motion is **GRANTED** on Fed. R. Evid. 402 grounds to the extent that neither party may mention or offer evidence that I.E. Miller and TForce are either still in business or no longer in business unless the matter is first raised with the court outside the presence of the jury.

> 3. *Motion to exclude mention that the Social Security Administration has determined plaintiff to be disabled.*

This motion, which is unopposed, is **GRANTED** on Fed. R. Evid. 402 grounds. Neither party may make mention or offer evidence of the fact that plaintiff is receiving Social Security disability benefits or that the Social Security Administration has determined that plaintiff is disabled without first seeking the approval of the court outside the presence of the jury.

*4. Motion to exclude all evidence of amounts billed by plaintiff's medical care providers.*

This motion is **DENIED**. In Klein v. Harper, 186 N.W.2d 426 (N.D. 1971), the North Dakota Supreme Court held that an injured plaintiff can recover the reasonable value of the medical services provided and is not limited strictly to what is paid. Id. at 432. Rather, under Klein, it appears that what is billed and what is paid are both relevant evidence of the reasonable value of the services. Id. A number of state district courts have read Klein in the same fashion. E.g., Feist v. Kaufman Enterprises, Inc., No. 51-20130-cv-011061, Order dated August 20, 2015 (N.D. Dist. Ct., North Central Jud. Dist.) (Hagar, D.J., unpublished); Rodakowski v. Meduna, No. 45-2013-cv-00104, Order dated Nov. 12, 2013 (N.D. Dist. Ct., Southwest Jud. Dist.) (Greenwood, D.J., unpublished); Coin v. Baskerville, No. 30-2011-cv-00646, Order dated October 21, 2012 (N.D. Dist. Ct., South Central Jud. Dist.) (Hagerty, D.J., unpublished).[1] Further, this reading is consistent with the North Dakota Supreme Court's decision in South v. Nat'l R.R. Passenger Corp., 290 N.W.2d 819, 841 (N.D. 1980) where the court held that the plaintiff could recover the reasonable value of the medical care afforded, even if it was provided gratuitously and not paid for by the plaintiff.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[1] The unpublished orders from the state court district judges can be viewed at Doc. No. 88-2.