# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Scot Decker, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) **ORDER RE PLAINTIFF'S** ) **MOTIONS IN LIMINE** ) |
| I.E. Miller Services, Inc., n/k/a Hemphill Trucking, Inc.; TFI Holdings, USA, Inc.; TransForce, Inc.; TForce Energy Services, Inc. d/b/a Specialized Crane & Rigging Complete Production Services, Inc.; and Superior Energy Services, Inc., | ) ) ) Case No. 4:14-cv-00088 ) ) ) ) ) ) |
|    Defendants. | ) |

Before the court are a number of motions in limine brought by plaintiff at Doc. No. 105. A hearing was held on the motions on January 29, 2018. The following are the court's rulings to the extent the court is prepared to make them at this time:

  1. *Motion to exclude evidence of other well site accidents involving Cyclone Drilling Inc. or Cyclone Rig 20.*

  2. *Motion to exclude evidence other lawsuits in which Cyclone Drilling or any of the parties to this case may be involved.*

Defendants seek to introduce evidence of accidents that occurred on Cyclone Rig 20 prior to the accident in this case and at least one subsequent accident. After careful review, the court concludes that the accidents referenced in the briefing and during argument on the motions in limine are being offered simply to demonstrate a propensity on the part of Cyclone Drilling, Inc. ("Cyclone") to engage in unsafe conduct in order to support the ultimate conclusions that Cyclone likely conducted its operations in an unsafe manner at the time of the accident and that this was a

1

proximate cause of the accident. At bottom, this is character evidence that is inadmissible under subsection (a) of Fed. R. Evid. 404 unless there is basis for its admission under subsection (b)(2). See First Sec. Bank v. Union Pacific R.R. Co., 152 F.3d 877, 879-80 (8th Cir. 1998); Shelley v. White, No. 1:09-cv-00662, 2010 WL 1904963, at *2 (M.D. Ala. May 12, 2010); cf. State Farm Mut. Auto Ins. Co. v. Accident Victims Home Health Care Serv. Inc., 467 F. App'x 368, 371-74 (6th Cir. 2012); And, in this case, defendants have failed to offer what the court would consider to be a plausible exception, given the particular facts and circumstances of this case. See id.; see also Underwriters at Lloyd's London v. OSCA, Inc., Nos. 03-20398, 03-20817, 03-21021, 2006 WL 941794, at **7-8 (5th Cir. April 12, 2006) (concluding that evidence of a prior rig accident was admissible but only because of the "apparent similarities between the two incidents, and the similarity in the causes attributed to the two"). Notably, the product liability cases cited by defendant are inapposite.

Morever, even if there existed a plausible basis for the admission of the "other accident" evidence under Rule 404(b)(2), whatever probative value it might have (which is slight, at best, given the dissimilarity between the other accidents and the one at issue in this case) is outweighed by one or more of the Fed. R. Evid. 403 factors. These include the likelihood the evidence: (1) will mislead the jury by diverting its focus from the unique circumstances of this case; (2) result in unfair prejudice to the plaintiff as a consequence; and (3) likely result in a waste of time because of the probability of having to conduct mini-trials over the other accidents with respect to which plaintiff will be particularly disadvantaged due to a lack of access to relevant evidence bearing upon those accidents. In reaching these conclusions, the court has relied upon the fact that the other accidents involved substantially different circumstances and, for the most part, different personnel. Further,

it appears all of the other accidents occurred during Cyclone's drilling operations in which it had, more or less, complete control over the operations occurring on the rig as opposed to here, where control over the "rigging up" activity as part of the rig move appears to have been shared between Cyclone and I.E. Miller Services, Inc. ("I.E. Miller").

For these reasons, Motions in Limine Nos. 1 & 2 are **GRANTED** and neither plaintiff nor defendants may mention or offer evidence of (1) any other well site accidents involving Cyclone Drilling Inc. or Cyclone Rig 20, or (2) any other lawsuits in which Cyclone Drilling or any of the parties to this case may be involved.

>   3.  *Motion to exclude proof or argument concerning plaintiff's insurance or workers' compensation benefits.*

This motion, which is unopposed, is **GRANTED** on Fed. R. Evid. 402 and 403 grounds to the extent that defendants may not mention or offer evidence of any insurance coverage that plaintiff may have or the fact that he has or is currently receiving workers' compensation benefits without first seeking the approval of the court outside the presence of the jury.

>   4.  *Motion to exclude proof or argument accusing plaintiff of any criminal activity.*

This motion is **GRANTED** on Fed. R. Evid. 402 and 403 grounds to the extent that defendants may not mention or argue that any particular act of the plaintiff amounts to criminal conduct without first seeking the approval of the court outside the presence of the jury. This is not intended to prohibit, however, defendants from mentioning or offering evidence of plaintiff's history of drug use as addressed in more detail later. This includes plaintiff's use of drugs that the jury likely will otherwise understand was unlawful.

>   5.  *Motion to exclude evidence that Cyclone was an unsafe or cheap drilling company or that Cyclone had 200-300 employees working on Rig 20 during the accident year.*

This motion is **GRANTED** on Fed. R. Evid. 402, 403, and 404(a) grounds to the extent that defendants may not mention or offer evidence of Cyclone generally being an unsafe or cheap drilling company or that it had 200-300 employees working on Rig 20 during the accident year without first seeking the approval of the court outside the presence of the jury. The reasons are those expressed by the court with respect to the grant of Motions in Limine Nos. 1 & 2. Also, with respect to the number of employees, the suggestion here is that it was untrained employees that led to the accident in this case. However, aside from plaintiff, it appears that all of the other Cyclone employees who *may* have had anything to do with *this* accident (and the jury might very well conclude there were none other than the plaintiff) were not new employees. This being the case, extended evidence and argument over how many employees are required to operate a rig on a 24/7 basis with allowance for shifts off and whether the reasons for the purported churn (1) has little probative value in terms of this case, (2) will likely lead to jury confusion, and (3) will be time wasting.

The court's ruling does not, however, prohibit defendants from offering evidence from a qualified expert that any act or practice engaged in by Cyclone or any of its employees on the day of the accident was unsafe or contrary to good industry practice. Nor does it prohibit defendants from offering evidence with respect to plaintiff's training, or lack of it, including any lack of supervision on the day of the accident that good industry practice may have required.

> 6. *Motion to exclude evidence that plaintiff has received, has been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source, including, but not limited to, the following:*
> *A. Benefits from collateral insurance coverage;*
> *B. Compensation for time not actually worked;*
> *C. Social security or pensions;*
> *D. Medicare or Medicaid benefits;*
> *E. Workers' Compensation benefits.*

This motion, which is unopposed, is **GRANTED** on Fed. R. Evid. 402 and 403 grounds to

4

the extent that defendants may not mention or offer evidence of any of the foregoing listed collateral benefits without first seeking the approval of the court outside the presence of the jury.

> 7. *Motion to exclude any proof or argument that an award to the Plaintiff will not be subject to taxation.*

This motion, which is unopposed, is **GRANTED** on Fed. R. Evid. 402 and 403 grounds.

> 8. *Motion to exclude any argument or proof Dr. Chaput or Dr. Kabins were sued for medical malpractice.*

This motion is **GRANTED** to the extent that defendants may not mention or offer evidence of any suits or actions brought against Dr. Chaput or Dr. Kabins for medical malpractice without first seeking the approval of the court outside the presence of the jury. The court has not yet had the opportunity to fully consider the anticipated testimony of these witnesses or claimed acts of malpractice. Generally speaking, however, the court has the same concerns about this evidence as the other character evidence it has already addressed.

> 9. *Motion to exclude any argument, proof, or reference to Scot Decker's drug use.*

This motion is **DENIED** to the extent that defendants may offer evidence of plaintiff's drug use over time as it is relevant to the issue of damages. The motion is **GRANTED** to the extent that **no party** may make mention or introduce evidence of any passed or failed drug tests unless the matter is first raised with the court outside of the presence of the jury This includes a failed "hair follicle" drug test prior to his being employed by Cyclone as well as any contention that plaintiff should not have been employed by Cyclone as a consequence of having purportedly failed the drug test. The court's concern here is the prejudicial impact of the evidence unless it directly bears upon whether plaintiff was under the influence of drugs at that the time of the accident.

> 10. *Motion to exclude any argument, proof or reference to any evidence or item not produced in discovery.*

This motion is **DENIED** on the grounds that it is too vague and general to be a proper subject of a motion in limine.

> 11. *Motion to exclude settlement offers.*

This is motion, which is unopposed, is **GRANTED** on Fed. R. Evid. 402-403, 408 grounds. Defendant shall not mention, or offer evidence of, any settlement offers made be either party.

> 12. *Motion to exclude reference to Attorney Client/Attorney Work Product or Privileged Information and also to exclude from evidence any suggestion or inference that plaintiff changed his story after consulting with his attorney.*

This motion is **GRANTED** on Rule 403 grounds to the extent that defendants shall not mention or raise any inference that plaintiff changed his account of what happened at the time of the accident as a result of his having consulted with plaintiff's counsel. This does not, however, prohibit defendants from offering evidence with respect to when plaintiff first specifically stated it was I.E. Miller's truck pusher who instructed him to enter Rig 20's substructure prior to the accident, including noting or referencing the timing of that account relative to the filing of this action. To the extent that plaintiff seeks to exclude all evidence pertaining to attorney client privileged information or attorney work product, the motion is **DENIED** on the grounds that it is too vague and general to be the proper subject of a motion in limine.

> 13. *Motion to exclude any evidence, statement, or probable testimony of a witness who is deceased, unable, or not available for testimony.*

The motion is **DENIED** on the grounds that it is too vague and general to be the proper subject of a motion in limine.

> 14. *Motion to exclude any mention or evidence of any adverse effect of a judgment on defendants.*

This motion, which is unopposed, is **GRANTED** on Fed. R. Evid. 402-403 grounds.

6

Defendants shall not mention, or offer evidence of, any adverse effect of a judgment on defendants.

> 15. *Motion to exclude any mention of or evidence that plaintiff has had any prior or subsequent claims, suits or settlements, or the amounts thereof.*

This motion is **GRANTED** on Fed. R. Evid. 402 and 403 grounds to the extent that defendants may not mention or offer evidence of plaintiff having had any prior or subsequent claims, suits, or settlements, or the amounts thereof, without first seeking the approval of the court outside the presence of the jury.

> 16. *Motion to exclude any opinion of an expert witness that is not supported by admissible facts.*

The motion is **DENIED** on the grounds that it is too vague and general to be the proper subject of a motion in limine.

> 17. *Motion to exclude any evidence, statement, or argument related to attorneys' fees, including that plaintiff's attorney has a contingency fee in the suit.*

This motion, which is unopposed, is **GRANTED** on Fed. R. Evid. 402 and 403 grounds. Defendants shall not make any mention or reference to attorneys' fees, including that plaintiff may have a contingency fee arrangement with his attorneys.

> 18. *Motion to exclude any evidence or questions seeking to show that the operator Murex or consultant Decca were negligent or responsible for the accident by their failure to oversee the operation that was going on at the time of the accident.*

This motion is **GRANTED** to the extent that defendants may not make mention or offer evidence of any conduct on the part of either Murex Petroleum Corporation (the well owner) or its consultant Decca (the company man) as contributing to the cause of the accident, including any responsibility for overseeing what was taking place at the time of the accident, without first seeking the approval of the court outside the presence of the jury. The court will take this matter up again at a later time.

That being said, the court has not seen sufficient evidence at this point that would support a conclusion that Murex or its consultant owed a duty to plaintiff as a matter of law. And, if that remains the case, then any evidence or testimony addressing their conduct would be irrelevant. See, e.g., Kronberg v. Oasis Petroleum North America LLC, 831 F.3d 1043, 1047-51 (8th Cir. 2016) (discussing what is required under North Dakota law for a well owner to owe a duty to an employee of an independent contractor); Kristianson v. Flying J Oil & Gas, Inc., 553 N.W.2d 186 (N.D. 1996) (same); see also Wallace v. Oceaneering Int'l, 727 F.2d 427, 436-37 (5th Cir. ) (well owner and company man owed no duty to the employee of an independent contractor injured during completion of a rig move); Maxwell v. Nabors Drilling U.S.A, Inc., No. Civ. A-98-1339, 1999 WL 460777, at **5-9 (E.D. La June 29, 1999) (no liability as a matter of law of well owner and its company man to an injured employee of an independent contractor injured during a crane lift); cf. Texas Eastern Transmission Corp. v. McMoRan Offshore Exploration Co., 877 F.2d 1214, 1220-22 (5th Cir. 1989 (well owner held liable for a percentage of fault because its company man actively intervened in a rig move when otherwise the well owner did not owe a duty).

> 19. *Motion to exclude argument or evidence that Cyclone Drilling was responsible for overseeing or directing their employees on location, including Plaintiff Scott Decker.*

This motion is **DENIED**.

> 20. *Motion to exclude any liability expert opinion not based on reasonable engineering principles or witness testimony.*

This motion is **DENIED** on the grounds that it is too vague and general to be the proper subject of a motion in limine.

> 21. *Motion to exclude any mention or evidence of Cyclone's remedial measures regarding safety, hiring, or supervision subsequent to June 28, 2011.*

This motion is **GRANTED** on Fed. R. Evid. 402 and 407 grounds to the extent that

8

defendants may not make mention, or offer evidence of, any measures taken by Cyclone regarding safety, hiring, or supervision subsequent to June 28, 2011, without first seeking the approval of the court outside the presence of the jury.

> 22. *Motion to exclude evidence that Cyclone Drilling should have terminated Decker for failed preemployment drug screening hair follicle test.*
>
> 23. *Evidence that Heartview Foundation should not have provided Cyclone Drilling with Decker's negative after-care drug testing results.*

Motions Nos. 22 & 23 are **GRANTED** on Fed. R. Evid. 402 and 403 grounds to the extent that defendants may not make mention or offer evidence that Decker should have been terminated for having failed a preemployment hair follicle test, or that Heartview Foundation should not have provided Cyclone Drilling with his negative after-care drug tests, without seeking the approval of the court outside the presence of the jury. However, at this point, the court cannot presently envision any situation in which it would allow evidence of or permit mention of the evidence that is the subject to Motion in Limine No. 22.

> 24. *Motion to exclude edited surveillance video of Decker.*

Plaintiff indicated during the hearing on the motions in limine that he was withdrawing this motion. Hence, it will be **DENIED AS BEING MOOT**.

> 25. *Motion to exclude private investigator's commentary regarding his surveillance of Decker.*

This motion is **GRANTED** to the extent that any surveillance video that will be offered contains audio of the private investigator's contemporaneous remarks. That would be inadmissable hearsay. The motion is **DENIED** with respect to any testimony that may be offered by the private investigator as to what he observed apart from the video. He may also be able to testify to some conclusions that are not based scientific, technical, other specialized knowledge as permitted by Fed

9

R. Evid 701.

    *26.    Motion to exclude evidence of whether Decker had given his son a prescription painkiller for a headache.*

This motion is **GRANTED** on Fed R. Evid. 402 & 403 grounds. Defendant may not mention or offer any evidence that Decker gave his son prescription medication for any reason.

    *27.    Motion to exclude Dr. Kabin's 2009 criminal conviction for misprision of a felony.*

This motion is **DENIED** to the extent that, if Dr. Kabin testifies, defendants are entitled to use the 2009 criminal conviction for misprision of felony for purposes of impeachment pursuant to Fed. R. Evid. 609(a)(2) since it is clear from his plea agreement that the offense conduct involved a dishonest act and the conviction is less than ten years old. Under Fed. R. Evid. 609(a)(2), the court has no discretion in this matter, even in a civil case, so long as the offense or the underlying conduct meets the criteria set forth in subsection (a)(2) and the conviction is less than ten years old. This is clear from the text of Rule 609(a) as well as the Advisory Committee Notes. The motion is **GRANTED** to the extent that: (1) the criminal conviction and the offense conduct may not be used for any other purpose without first raising the matter with the court out of the presence of the jury; and (2) in using the conviction for impeachment, defendants may make reference only to the fact of conviction with, perhaps, some court-approved description of the offense other than misprision of a felony (which the jury is may not understand). Defendants may not make mention of the facts or the circumstances leading up to the conviction without first having raised the matter with the court out of the presence of the jury.

    *28. Motion to exclude expert opinion testimony from a lay witness.*

This motion is **DENIED** because it is too vague to be the proper subject of a motion in limine. To the extent plaintiff makes arguments as to particular witnesses based on deposition

testimony, the court will make appropriate rulings if the testimony is offered either by way of deposition or trial testimony. The court does not have the time to make advance rulings based on every deposition question that is of concern to the plaintiff because some of the questions may have been posited for discovery purposes or to lock down the position of the witness for possible impeachment without any intent of offering the evidence at trial. That being said, the court will not allow lay witnesses to guess about what might have happened or offer opinions beyond what may be permitted by Fed. R. Evid. 701.

**IT IS SO ORDERED.**

Dated this 2nd day of February, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court