# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Scot Decker, | ) |
|         Plaintiff, | ) **ORDER** |
| vs. | ) |
| I.E. Miller Services, Inc., n/k/a Hemphill Trucking, Inc.; TFI Holdings, USA, Inc.; TransForce, Inc.; Tforce Energy Services, Inc. d/b/a Specialized Crane & Rigging; Complete Production Services, Inc.; and Superior Energy Services, Inc., | ) Case No. 4:14-cv-0088 |
|         Defendants. | ) |

Before the court is a motion for judgment as a matter of law filed by Defendant I.E. Miller Services, Inc. ("I.E. Miller") on February 15, 2018, pursuant to Fed. R. Civ. P. 50(a)(1). Defendant I.E. Miller avers that the plaintiff has failed to offer any evidence from which a reasonable jury could find in his favor against it.

Rule 50(a)(1) of the Federal Rules of Civil Procedure establishes that a court may enter judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Judgment as a matter of law is only appropriate when "all the evidence points one way and is 'susceptible of no reasonable inference sustaining the position of the nonmoving party.'" Commercial Prop. Investments, Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995) (quoting White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992)). When presented with a motion for judgment as a matter of law, a district court must (1) consider the evidence in a light most favorable to the prevailing party; (2) assume that all evidentiary conflicts were resolved in

1

favor of the prevailing party; (3) assume, as proved, all facts that the prevailing party's evidence tended to prove; and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. Ryther v. KARE 11, 108 F.3d 832, 844 (8th Cir. 1997). Once this determination is made, a court must deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence. Ryther, 108 F.3d at 844. It is a "universally adopted standard that judges must be extremely guarded in granting judgments as a matter of law after a jury verdict." Id.

For the reasons articulated by the court on the record on February 15, 2018, the motion (Doc. No. 154) is **DENIED**. Reasonable persons could differ as to the conclusions to be drawn from the evidence. And there is sufficient evidence for the jury to find fault by defendant.

**IT IS SO ORDERED**.

Dated this 20th day of February, 2018.

                                                    */s/ Charles S. Miller, Jr.*
                                                  Charles S. Miller, Jr., Magistrate Judge
                                                  United States District Court