# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Scot Decker, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER RE PRETRIAL AND TRIAL** |
| | ) | **MOTIONS** |
| v. | ) | |
| | ) | |
| I.E. Miller Services, Inc., et al | ) | Case No. 4:14-cv-00088 |
| | ) | |
| Defendants. | ) | |

The following are the court's rulings with respect to several pretrial or trial motions that have not formally ruled upon or termed.

**1.  Motion to exclude the testimony of Dr. Chaput at Doc. No. 103**

During the trial, the court stated it was going to permit the testimony of Dr. Chaput notwithstanding defendant's motion at Doc. No. 103, but would consider whether defendant was entitled to relief short of prohibiting Dr. Chaput's testimony. After careful consideration, the court concludes that the report prepared by Dr. Chaput was deficient but that defendant was not substantially prejudiced given the discovery deposition taken of Dr. Chaput. That being said, defendant is entitled to some relief. The court will not allow plaintiff to tax the costs of the deposition transcripts/recordings for either the discovery deposition or the trial deposition of Dr. Chaput. In limiting the relief to this, the court concludes it was likely that defendant would have taken a discovery deposition of Dr. Chaput even had his report been more complete. For these reasons, defendant's motion at Doc. No. 103 is **GRANTED IN PART** and **DENIED IN PART**.

1

**2.  Motion for a protective order to prohibit the taking of certain depositions at Doc. No. 108**

Defendant filed a motion to prohibit the retaking of several depositions at Doc. No. 103. This dispute was the subject of an earlier informal conference call with the parties on December 15, 2017, during which the court indicated it would likely permit the retaking of the depositions given what the court understood at the time, which was that these were early depositions and the parties had since acquired material information that opened up additional lines of inquiry. The court stated, however, that it would require plaintiff to make arrangement for the defense counsel to participate by phone to save costs. At trial, the court allowed in testimony from at least one of these depositions, overruling the motion. For these reasons, the court formally affirms the **DENIAL** of the motion at Doc. No. 108.

**3.  Plaintiff's motion at Doc. No. 148 for reconsideration of the Court's Ruling regarding the Deposition Testimony of Jerry Anderson**

Plaintiff's motion at Doc. No. 148 is **TERMED** for the record. During the trial, the court ruled on motion and allowed certain testimony of Jerry Anderson to be admitted, but limited to the issue of whether defendant had contemporaneous notice of the accident. Prior to the evidence being presented to the jury, the court indicated it would give a limiting instruction to the jury if defendant requested one, but no request was made.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court